[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Elizabeth Milo and Deborah S. DENORFIA, bring this action seeking to recover certain unpaid sums of money, together with interest and attorney fees, as set out in the two counts of their complaint.
The defendants, Pegasus Manufacturing, Inc. And Vincent DiPentima, deny that these sums are due and owing and have counterclaimed for damages resulting from breach of contract in two counts.
The facts herein, relevant to the issues, concern the transfer of certain business assets of a manufacturing concern, Beaton Corbin Manufacturing Company, in the town of Southington to the defendants. At about the time of the transfer to the defendants of the assets of the Beaton Corbin Manufacturing Company, but by a separate and distinct instrument the plaintiffs entered into an agreement with the defendants entitled Covenant Not to Compete, executed on September 29, 1989. The salient terms of that agreement provided that the plaintiffs would not engage in the manufacturing business, in which the Beaton Corbin CT Page 9389 Manufacturing Company had been engaged, within a geographical area of fifty (50) miles of Southington, Connecticut, for a term of five (5) years from September 29, 1989.
In return for the plaintiffs refraining from such competition the defendants were to pay to each of the plaintiffs individually, the sum of Fifty Seven Thousand Five Hundred Dollars ($57,500.00) by way of certain periodic sums.
The agreement went into effect. The plaintiffs refrained from competition with the defendants, and the defendants on their part entered on the course of payments due to the plaintiffs. On or about December 1991 the defendants made no further periodic payments to the plaintiffs. The defendants had paid the sum of $16,000.00 to the plaintiff Milo; and the sum of $16,000.00 to the plaintiff Denorfia. The defendants contend by way of Special Defenses, and by counterclaim that the plaintiffs breached the agreement of the parties, inter alia, by preventing the defendants access to the premises to remove their property; that, the plaintiffs obtained sum of money, a portion of which was due to the defendants and failed to account to the defendants regarding these monies. Further, that the plaintiffs excessively delayed in making their claims against the defendants to their detriment.
The court after hearing the parties, their witnesses and examining all the exhibits determines, taking into consideration the applicable law; that, the plaintiffs have proved, by a fair preponderance of the evidence presented, the two counts of their complaint. Further, that the defendants have failed to prove the allegations contained in their counterclaim.
The court notes that the plaintiffs' complaint is limited in its allegations to the parties' agreement as contained in the Covenant Not To Complete. The defendants do not dispute this agreement, but rather argue that other concurrent agreements, in which the plaintiffs were not participants, were breached and consequently impacted on the herein agreement resulting in its breach.
The court finds that the herein agreement of the parties may have been one in a series of agreements among various parties. That the herein agreement, however, was self-contained, that it was not tied to or limited in any way by any other agreement. That its sole purpose and effect was to restrict the plaintiffs' CT Page 9390 ability to participate in the business activity previously carried on by the Beaton Corbin Manufacturing Company. For compliance with those restrictions by the plaintiffs, the defendants agreed to make to the plaintiffs certain specified monetary payments.
The defendants have not seriously contended that the plaintiffs had participated in any competition to the defendants which had breach the Covenant.
On the other hand, the plaintiffs have shown that they have fully complied with the terms of the Covenant, have not violated any of its non-compete restrictions, but have failed to receive from the defendants the full financial benefits due to each plaintiff as set out in the Covenant.
The plaintiffs have shown that each was to receive by the terms of the agreement of the parties the sum of Fifty Seven Thousand Five Hundred Dollars ($57,500.00). That that sum was payable by the defendants in periodic payments of Two Hundred Fifty Dollars ($250.00) per week on Friday of each week commencing on January 5, 1990 until the full amount was paid to each plaintiff. That the defendants have to date paid to the plaintiff Milo, the total sum of $16,000.00; and, to the plaintiff Denorfia, the total sum of $16,000.00; that there is a balance due and owing to each of the plaintiffs the sum of $41,500.00, with the defendants' default of payment in December 1991.
Further, that the last payment received by the plaintiffs was November 1991; that, the plaintiffs are to receive interest at the rate of 12% (i.e. per diem $13.64) on those sums due and owing on December 1, 1991 to the date of judgment on June 17, 1997. This amounts to $27,621.88 for each plaintiff.
Further, as provided in the parties' Covenant Not To Compete, they may recover their reasonable attorney fees of the defendants in the total sum of $40,000.00
Therefore, the court finds that there is due and owing to each of the plaintiffs', Elizabeth Milo and Deborah S. Denorfia, the following sums of money from the defendants, Pegasus Manufacturing, Inc. and Vincent DePentima:
$57,000.00 original amount of Covenant CT Page 9391 -16,000.00 paid by defendants ---------- $41,500.00 balance unpaid and due,
together with interest from December 1991 to June 17, 1997 at the rate of 12% per annum, amounting to $27,621.88
Those sums totaling $69,121.88 are due to each plaintiff.
The court further finds that the plaintiffs may recover reasonable attorney fees from the defendants in the sum of $40,000.00 which includes charges and fees incurred by counsel.
Therefore, judgment may enter for each plaintiff on the complaint in the sum of $69,121.88, together with attorney fees recoverable by both plaintiffs from the defendants in the sum of $40,000.00. The total of the plaintiffs' recovery amounts to $178,243.76.
Further, judgment may enter for the plaintiffs on the defendants' counterclaim.
Court costs are assessed in favor of the plaintiffs and against the defendants.
JULIUS J. KREMSKI TRIAL JUDGE REFEREE